IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANET WILMORE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:08-cv-261(HL) |
| CALVIN A. ARNOLD, | : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on Joppa Maintenance/Strategic Outsourcing, Inc. and The Hartford Insurance Co.'s Motion to Intervene (Doc. 20). For the following, the Motion is granted.

## I.  BACKGROUND

On August 12, 2008, Plaintiff filed a Complaint (Doc. 1) against Defendants Calvin Arnold and the United States of America[1] for injuries she sustained in an August 23, 2006, vehicle accident.  Because Plaintiff was acting within the scope of her employment at the time of the accident, she has received workers' compensation benefits for the lost income and medical expenses she incurred as a result of her injuries.

---

[1] The United States has since been dismissed as a Defendant.  (Doc. 15.)

1

On March 12, 2009, Plaintiff's employer, Joppa Maintenance/Strategic Outsourcing, Inc., and Joppa's workers' compensation carrier, The Hartford Insurance Company, filed the Motion to Intervene that is presently before the Court. Movants Joppa and Hartford seek intervention to preserve their statutory subrogation lien under O.C.G.A. § 34-9-11.1 for the workers' compensation benefits that Plaintiff has received. Plaintiff filed an Objection (Doc. 22) to the Motion to Intervene.

## II.   DISCUSSION

### A.   Motion to Intervene

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right and permissive intervention. A party is entitled to intervene as of right if, on timely motion, the intervenor is one who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

In this case, Movants contend that they are entitled to intervene as of right under subsection (2) because they have an interest in the case that will be impaired if they do not intervene. The Court agrees. First, O.C.G.A. § 34-9-11.1 grants Movants a statutory subrogation lien for the workers' compensation benefits they have paid to


Plaintiff. This subrogation lien constitutes an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Second, disposition of the action may impair or impede their ability to protect their interest in the subrogation lien.[2] See Lee v. Genie Indus., Inc., 3:07-CV-47(CDL), 2007 WL 3284873, at *2 (M.D. Ga. Nov. 6, 2007); Cribb v. Wes-Flo, Co., 7:06-CV-60(HL), 2006 WL 2982591, at *2 (M.D. Ga. Oct. 18, 2006); Clifton v. Gainey Transportation Services, Inc.,No. CV407-167, 2008 WL 474428, at *2 (S.D. Ga. Feb. 19, 2008). Third, Plaintiff does not adequately represent the Movants' interest in their subrogation lien. See Lee, 2007 WL 3284873, at *2. Thus, the Court finds that Movants are entitled to intervene as of right under Rule 24(a)(2).

In opposing intervention, Plaintiff makes two arguments. First, she contends that Movants' Motion was untimely. The Court disagrees. Whether a motion to intervene was timely filed requires an analysis of several factors, including (1) the length of time that the proposed intervenor knew of its interest in the case before moving to intervene, (2) the extent of prejudice to the existing parties as a result of any delay in the proposed intervenor's motion, (3) the extent of prejudice to the proposed intervenor if intervention is denied, and (4) the existence of unusual circumstances

---

[2]Certainly, if Movants do not intervene, they could still assert the subrogation lien against the recovery in the hands of Plaintiff after she has been made whole. Canal Ins. Co. v. Liberty Mut. Ins. Co., 256 Ga. App. 866, 869, 570 S.E.2d 60, 64 (2002). However, Movants lose their ability to enforce the lien against Defendant, the third-party tortfeasor, if they do not intervene. Id.

weighing either for or against a determination that the motion was timely. Georgia v. U.S. Army Corp of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002).

Here, approximately seven months passed from the time Plaintiff filed her Complaint to the time Movants moved to intervene. This length of time, standing alone, does not render their Motion untimely. See id. Although Plaintiff asserts that granting intervention would cause significant delays and expenses and unduly complicate the proceedings, the Court does not find any support for this assertion. Moreover, denying intervention would prejudice Movants' ability to enforce their subrogation lien against Defendant. Last, there are not any unusual circumstances that support a finding that the Motion was untimely. As a result, the Court finds that the Motion was timely.

Second, if the Court allows Movants to intervene, Plaintiff contends that the Court should prohibit them from participating in the jury trial of Plaintiff's case. The issue of whether the subrogation lien is recoverable is for the trial court. Liberty Mut. Ins. Co. v. Johnson, 244 Ga. App. 338, 340, 535 S.E.2d 511, 514 (2000). Movants do not seem to contend that they are entitled to a jury trial on this issue; rather, they assert that they are entitled to participate in Plaintiff's jury trial to the extent participation is necessary to protect their interest in the lien. For example, they contend that they have an interest in requesting a special verdict form. The Court agrees with this contention. See Lee, 2007 WL 3284873, at *3 n.2. However, the extent to which they contend they should be allowed to participate in other parts of the

4

trial is unclear. At this time, there is no need for the Court to delineate the boundaries of Movants' trial participation. Therefore, the Court reserves ruling on this issue.

### III.  CONCLUSION

For the foregoing reasons, Movants' Motion to Intervene is granted.

**SO ORDERED**, this the 4th day of May, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc