IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANET WILMORE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:08-cv-261(HL) |
| CALVIN A. ARNOLD, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 28). For the following reasons, the Motion is granted.

**I.  BACKGROUND**

On August 12, 2008, Plaintiff Janet Wilmore filed suit in this Court against Defendant Calvin A. Arnold and the United States of America for injuries she sustained in an August 23, 2006, automobile accident that occurred on Robins Air Force Base. The Complaint (Doc. 1) alleges that on the day in question, Arnold negligently drove his pickup truck into the back of a golf cart Plaintiff was operating. The Complaint further alleges that at the time of the accident, Arnold "was an agent, servant, or employee of Defendant United States of America, and was acting within the scope and course of his employment with said Defendant United States of

1

America."  (Pla.'s Compl. ¶ 14.)

On October 10, 2008, the United States filed a Motion to Dismiss the claims against it on the basis that Plaintiff failed to exhaust her administrative remedies as required by the Federal Tort Claims Act.  The Court granted the United States's Motion and dismissed the claims against it without prejudice.  The Court expressly stated in that Order (Doc. 15) that Plaintiff would have the right to refile her claims against the United States upon exhaustion of her administrative remedies.

On June 23, 2009, Plaintiff filed the Motion to Amend presently before the Court, seeking to add the United States as a Defendant in this action.  The United States opposes Plaintiff's proposed amendment because it contends Arnold was not acting within the scope of his employment at the time of the accident in question, and therefore, it cannot be held liable for Plaintiff's injuries.

## II. DISCUSSION

Motions to amend are governed by Federal Rule of Civil Procedure 15.  When a party is required to seek leave of court to amend its pleading, a court is required to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  One circumstance that warrants denying a party leave to amend is when the proposed amendment is futile.  See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).  A proposed amendment is futile if the amendment's factual allegations are insufficient to withstand a Rule 12(b)(6) motion to dismiss.  Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002); Amick v. BM & KM, Inc., 275 F. Supp. 2d

1378, 1381 (N.D. Ga. 2003); see Vandenberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001); Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281 (11th Cir. 2000). To survive a Rule 12(b)(6) motion, a complaint need only contain enough factual allegations that, taken as true, raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In this case, the United States contends that the proposed amendment adding it as a party is futile because Arnold was not acting within the scope of his employment at the time of the accident. In support of this argument, the United States makes numerous factual assertions about the circumstances surrounding the accident and, in particular, the purpose of Arnold's trip at the time of the accident. But none of those factual assertions appear in Plaintiff's Complaint. Thus, the United States's futility argument rests not on any infirmities with the factual allegations in the Complaint, but rather on the evidence that it contends shows Arnold was not acting within the scope of his employment. At this stage, however, this Court's futility analysis is guided by Rule 12(b)(6)'s motion to dismiss standard, not Rule 56's motion for summary judgment standard. As such, this Court's analysis is confined to the allegations in Plaintiff's Complaint to determine whether the allegations against the United States are sufficient to withstand a motion to dismiss. The Complaint's allegation that, at the time of the accident, Arnold was acting within the scope of his employment as an employee of the United States is sufficient to raise above the speculative level a right to relief against the United States based on respondeat

superior liability.  Accordingly, Plaintiff's Motion to Amend is granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend is granted.

**SO ORDERED**, this the 4th day of August, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc